IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY J. MCCUE, M.D., | CV 19–147–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| INTEGRA IMAGING, P.S., a Washington Professional Service Corporation, | |
| Defendant. | |

Before the Court is Plaintiff Timothy McCue's Motion for Partial Summary

Judgment.  (Doc. 30.)  For the following reasons, the motion is denied.

## BACKGROUND

Timothy McCue brought this wrongful discharge action against his former

employer, Integra Imaging, P.S.  (Doc. 1.)  McCue had been employed as a

partnership-track radiologist by Missoula Radiology since February 2016.  (Doc.

36 at 2.)  In January 2017, Missoula Radiology merged with Integra Imaging.  (*Id.*)

Integra and McCue executed an employment agreement, which is governed by

Montana law.  (*Id.* at 2–4; Doc. 27.)  Section 8.1 of the employment agreement

contains an "at-will" provision:

8.1 <u>Termination by the Corporation Without Cause.</u> The Corporation,
upon the vote of 2/3rds of its Board, may terminate this Agreement

1

without cause at any time upon 60 day's written notice to Employee . .
. .

(Doc. 36 at 3.)

On October 4, 2018, Integra's executive committee voted to terminate
McCue's employment pursuant to the "at will" provision.  (Docs. 4 at 5; 36 at 15.)
But the events giving rise to this decision are contested.  According to Integra,
McCue's work performance began to raise concerns soon after the merger.  (Doc.
35 at 3.)  Integra maintains that McCue was admonished about his allegedly
deficient work performance several times in the year-and-a-half prior to his
termination.  (*Id.* at 3–4.)  Specifically, Integra submitted declarations stating,
between April 2017 and June 2018, Integra's Chief Operating Officer, Integra's
President, the Chairman of Integra's Quality Committee, and two Integra partner-
physicians met with McCue on separate occasions to discuss his ongoing
performance issues.  (Doc. 36 at 10–11.)  McCue, on the other hand, denies
receiving any negative employment reviews between February 2016 and May
2018.  (Doc. 1 at 5.)

The parties agree that in June 2018 Integra decided to delay McCue's
partnership track.  (*Id.* at 6; Doc. 35 at 5.)  However, Integra attributes the delay to
McCue's performance issues (Doc. 35 at 5), while McCue claims he was surprised
by the delay (Doc. 1 at 6).  The parties also agree that in September 2018 the
partners decided to extend McCue's partnership track by an additional nine

2

months.  (*Id.*; Doc. 35 at 5–6.)  According to Integra, this extension was granted on the unfulfilled condition that McCue's performance would improve.  (Doc. 35 at 6–7.)  Integra asserts McCue made several glaring errors at the end of September 2018, which necessitated an emergency board meeting resulting in a decision to terminate McCue due to performance deficiencies.  (*Id.* at 7.)  However, Integra states it chose to style McCue's termination as "without cause," under Section 8.1 of his employment agreement, to allow McCue to remain in the radiology community.  (*Id.*; Doc. 36 at 15.)

On October 5, 2018, Integra notified McCue in writing that he would either need to resign or be terminated "without cause," referencing the "at will" provision in the employment agreement.  (Docs. 26 at 13; 36 at 6–7).  Specifically, the termination letter stated:

> You are receiving this letter to notify you that based on the recommendation of the Quality Committee, the Integra Imagine/Inland Imagine, PS (IIPS) Board voted in Executive Session last night to terminate your employment without cause in accordance with Section 8.1 of your employment agreement. . . .
>
> In lieu of moving forward with the employment termination that was approved, you may also voluntarily resign from your position as a shareholder track physician from IIPS.  If you choose to resign your termination date will be Monday, October 8, 2018 . . .
>
> The offer of voluntary resignation expires on Monday, October 8th.  If you do not choose this option, your termination will be listed as "termination without cause." . . .

(Doc. 36 at 6–7.)  After receipt of this letter, McCue resigned from his position. (*Id.* at 8.)

McCue filed this action on August 28, 2019, alleging violations of Montana's Wrongful Discharge from Employment Act ("WDEA").  (Doc. 1.) McCue now moves for partial summary judgment on Count I, wrongful discharge for lack of good cause.  (Doc. 30 at 1–2.)

## LEGAL STANDARD

A court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party has met its initial burden, the burden shifts to the opposing party to demonstrate that summary judgment is not proper.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

McCue argues he is entitled to summary judgment on Count I because his discharge violated the WDEA.  (Doc. 31 at 1–2.)  Specifically, he asserts: (1) Integra discharged him by forcing him to choose between resignation and termination; and (2) by invoking Section 8.1 of his employment agreement, Integra

4

discharged him without "good cause," which is a violation of the WDEA.[1]  (Doc. 31 at 2–3.)  Integra maintains there is a factual dispute as to whether McCue resigned or was discharged, which precludes the entry of summary judgment, and further contends it had good cause to discharge McCue.  (Doc. 35 at 11, 19.) Integra also renews its argument that Washington law applies and requests an opportunity to conduct discovery under Rule 56(d).  (*Id.* at 24.)  The Court already decided Montana law applies.  (Doc. 27.)  Since the Court is denying McCue's motion, it need not address Integra's Rule 56(d) argument.

## I.    There is a genuine dispute of material fact as to whether McCue resigned or was discharged.

McCue argues the termination letter constituted a discharge,[2] because Integra forced him to choose between resignation and termination.  (Doc. 31 at 9.) Integra asserts the issue of whether McCue's resignation constituted a discharge is for the trier of fact to decide.  (Doc. 35 at 19.)  The Court agrees with Integra.

---

[1] McCue also argues the WDEA applies to his discharge, because his employment agreement was not a contract "for a specific term."  (Doc. 31 at 2.)  Integra does not dispute this argument, and the Court agrees with McCue.

[2] Although the parties use the term "constructive discharge," this case does not present the typical constructive discharge situation of "intolerable working conditions."  *See* Mont. Code Ann. § 39-2-903(1) (2019); *Sullivan v. Sisters of Charity Providence of Mont.*, 885 P.2d 488, 494–95 (Mont. 1994).  For simplicity's sake, the Court uses the term "discharge," instead—the definition of which includes "resignation" under the WDEA.  Mont. Code Ann. § 39-2-903(2).

This issue was squarely addressed by the Montana Supreme Court in *Gates v. Life of Montana Insurance Co.*, 638 P.2d 1063 (Mont. 1982).[3]  The *Gates* court held that where an employee's wrongful discharge claim hinges on whether the employee voluntarily resigned, there is a threshold factual issue precluding the entry of summary judgment.  *Id.* at 1066.  Here, McCue was given the choice between resignation and termination.  The parties disagree as to whether McCue voluntarily resigned or was discharged.  Therefore, there is a threshold factual question of whether McCue was discharged and, consequently, whether the WDEA is even triggered.

McCue cites to *Schmidt v. Old Dominion Freight Line, Inc.*, CV 16-159-M-DLC (D. Mont Mar 21, 2018), where this Court noted in a footnote that Schmidt, an employee faced with the decision between resignation and termination, was "discharged" for purposes of the WDEA when he chose to resign.  *Id.* at *2, n.3.  However, *Schmidt* is not inconsistent with this Court's reasoning here.  There, the parties did not dispute that the employee's resignation constituted a discharge.  *Id.*

---

[3] The parties urge this Court to consider *Jarvenpaa v. Glacier Electric Cooperative, Inc.*, 898 P.2d 690 (Mont. 1995) and its progeny.  The Court finds *Jarvenpaa* distinguishable and frankly confusing.  *Jarvenpaa* is distinguishable because, there, the employee accepted an early retirement package, *id.* at 692, whereas here, McCue simply resigned.  *Jarvenpaa* is confusing because, at times, the opinion suggests that a "Hobson's choice" between discharge and early retirement is a question of fact for the jury, but ultimately the court seems to conclude the employee's retirement constituted a discharge as a matter of law.  *Id.* at 694.

Here, by contrast, there is a factual dispute as to whether McCue was discharged or voluntarily resigned, which precludes the entry of summary judgment.

For the foregoing reasons, the Court finds there is a genuine dispute of material fact as to whether McCue's resignation constituted a discharge.

## II.    Assuming McCue was discharged, there is a genuine dispute of material fact as to whether Integra had good cause.

McCue first argues Integra discharged him without good cause by invoking the "at will" provision in his termination letter.  (Doc. 31 at 4, 8.)  Second, he contends, Montana law prevents Integra from offering reasons for his discharge beyond those stated in the termination letter.  (*Id.* at 11.)  Integra asserts it had legitimate reasons for discharging McCue—namely, deficient work performance— despite its reliance on the "at will" provision, and that those reasons are admissible, even though they were not explicitly cited in McCue's termination letter.  (Doc. 35 at 11.)  Integra also draws a distinction between the "without cause" language in McCue's termination letter and the "without good cause" standard of the WDEA. (*Id.*)  According to Integra, a discharge without cause does not equate to a discharge without *good* cause.  (*Id.*)

The Court partly agrees with McCue: Integra cannot introduce reasons for McCue's discharge other than reasons that would substantiate the causes in his termination letter.  However, there is a remaining question of fact as to whether

McCue's termination letter communicated some legitimate cause for discharge that would allow Integra to substantiate that cause with external evidence.

Under the WDEA, a discharge of a non-probationary employee without good cause is wrongful.  Mont. Code Ann. § 39-2-904(1)(b).  "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason."  § 39-2-903(5).  The parties agree that McCue was not a probationary employee.  (Doc. 31 at 8.)  Since the termination letter gave McCue the option of resigning or being fired "without cause," the question of whether McCue was dismissed for "good cause" depends on whether Integra can cite to reasons beyond those stated in the termination letter.

Under Montana case law, reasons for discharge other than those stated in a discharge letter are generally irrelevant and thus inadmissible.  *McConkey v. Flathead Elec. Coop*, 125 P.3d 1121, 1127 (Mont. 2005).  However, evidence offered to substantiate the reasons already provided in a termination letter is admissible.  *Id.*

Integra argues the *McConkey* rule is based on a line of cases abrogated by the 1999 amendment to Montana's Blacklisting statute.  (Doc. 35 at 11–13.)  The Blacklisting statute states:

> (1) It is the duty of any person after having discharged any employee from service, upon demand by the discharged employee, to furnish the

8

discharged employee in writing a statement of reasons for the
discharge. . . .

(3) A response to the demand may be modified at any time and may
not limit a person's ability to present a full defense in any action
brought by the discharged employee.  Failure to provide a response as
required under subsection (1) may not limit a person's ability to present
a full defense in any action brought by the discharged employee.

§ 39-2-801.  Prior to its 1999 amendment, the statute required employers to

furnish discharged employees with a "full, succinct, and complete reason" for their

discharge.  § 39-2-801, *amended by* Mont. Legis. 573 (May 5, 1999).  The 1999

amendment excised that language from subsection (1) and added subsection (3),

which allows employers to modify their response to an employee's demand for

cause and specifies that a failure to provide a response under subsection (1) does

not limit an employer's ability to present a "full defense."

Integra contends these amendments abrogated a line of pre-1999 Montana

decisions that barred employers from introducing reasons for discharge outside

their termination letters.  (Doc. 35 at 11–13.)

Integra is partly correct; a number of Montana cases, most notably *Swanson*

*v. St. John's Lutheran Hospital*, 597 P.2d 702 (Mont. 1979), relied on the excised

language of the pre-1999 Blacklisting statute for the rule that an employer cannot

invoke reasons for an employee's discharge beyond those stated in their discharge

letter.  However, as McCue argues in his Reply (Doc. 37 at 6), Montana courts

have consistently applied this rule to non-Blacklisting cases as well, even after the

9

1999 amendment was enacted.  *See McConkey*, 125 P.3d at 127; *Jarvenpaa v. Glacier Elec. Coop., Inc.*, 970 P.2d 84, 90–91 (Mont. 1998); *Galbreath v. Golden Sunlight Mines, Inc.*, 890 P.2d 382, 385 (Mont. 1995); *Flanigan v. Prudential Fed. Sav. & Loan Ass'n*, 720 P.2d 257, 264 (Mont. 1986); *Smith v. Charter Commc'ns, Inc.*, CV 18-69-BLG-SPW, at *2 (D. Mont. Jan. 25, 2021).[4]  These cases did not implicate the Blacklisting statute, yet they continued to apply the rule that an employer may not introduce reasons for discharge not cited in a termination letter voluntarily provided to the discharged employee.  Therefore, the Court agrees with McCue that the 1999 amendment to the Blacklisting statute did not invalidate this line of cases.  Furthermore, as McCue asserts in his Reply (Doc. 37 at 2), this case does not trigger the Blacklisting statute, because McCue did not issue a demand for a "written statement of [the] reasons for [his] discharge."  § 39-2-801(1).

Therefore, Integra does not have free reign to introduce any and all reasons it had for terminating McCue to establish "good cause" under Montana's WDEA.  Rather, under *McConkey*, only reasons that substantiate the causes already provided in McCue's termination letter may be admitted.  However, here, there is a

---

[4] Notwithstanding *Erdman v. Wal-Mart Stores, Inc.*, CV 05-202-M-DWM (D. Mont. Sept. 13, 2007), in which this District decided that the statutory amendments to the Blacklisting statute abrogated the *McConkey* rule pertaining to termination letters, more recent cases from this District have consistently applied the rule as McCue suggests.  *See Smith v. Charter Commc'ns, Inc.*, CV 18-69-BLG-SPW (D. Mont. Jan. 25, 2021); *King v. Recreational Equip., Inc.*, CV 16-27-M-DLC (D. Mont. Dec. 8, 2016); *Sleath v. Mont. DPHHS*, CV 12-74-H-DLC (D. Mont. Aug. 22, 2014); *Weinheimer v. Omniflight Helicopters, Inc.*, CV 09-06-M-DWM (D. Mont. Apr. 19, 2010).

genuine dispute of material fact as to whether the termination letter contained a cause for discharge that would allow Integra to substantiate that cause.

Integra claims that McCue was discharged because of "deficient work performance" (Doc. 35 at 1), and that, although Integra invoked the "at will" provision of the employment agreement, it nonetheless had good cause for discharging him. (*Id.* at 8–9.) Integra further asserts that McCue was apprised of his cause for termination, both orally and in the termination letter. (*Id.* at 9.) Specifically, Integra points to the termination letter, which begins by stating, "You are receiving this letter to notify you that based on the recommendation of the Quality Committee . . . [the] Board voted . . . to terminate your employment[.]" (Doc. 36, 6–7.) Integra maintains that the "on the recommendation of the Quality Committee" language indicates McCue was discharged due to his work performance, especially since McCue met with the Chairman of the Quality Committee to discuss his ongoing performance issues prior to his resignation. (*Id.* at 11–13; Doc. 35 at 9.)

If, as Integra argues, the "on the recommendation of the Quality Committee" language suggests some other cause for discharge, then under *McConkey*, any reasons that substantiate that cause may be relevant and admissible, even if they are not included in McCue's termination letter. Such reasons may be used to establish good cause. Otherwise, Integra cannot introduce reasons beyond those

11

stated in McCue's termination letter.  Therefore, there is a genuine dispute of material fact as to whether the termination letter communicated some other cause for discharge related to McCue's job performance.

IT IS ORDERED that McCue's Motion (Doc. 30) is DENIED.

DATED this 18th day of February, 2021.

Dana L. Christensen, District Judge
United States District Court