IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY J. MCCUE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGRA IMAGING, P.S., a Washington Professional Service Corporation,<br><br>Defendant. | CV 19–147–M–DLC<br><br><br>ORDER |

The Court has already ruled on two motions for summary judgment in this case. (Docs. 27; 50.) Now, there are two more. (Docs. 52; 60.) As a result of the Court's most recent summary judgment ruling (Doc. 50) and denial of Integra's motion for a protective order (Doc. 62), the factual landscape of this case has changed. For the reasons explained, the Court denies both motions without prejudice. Because the parties and Court are well acquainted with the details of the case and the Court's recent rulings, the Court will not recite a factual summary of events.

## DISCUSSION

Integra's (second) newly filed motion for summary judgment argues that the Court should find, as a matter of law, that it had good cause to terminate McCue and that any alleged termination did not violate its written personnel policy. (Doc.

1

53.) Although Integra supports this motion with extensive documentation, a review of its Statement of Undisputed Facts and attached documents reveals that Integra is attempting to persuade the Court that it is entitled to summary judgment without any reference or disclosure of the quality committee's records and data. Integra's motion—submitted the day before the Court ruled on its motion for a protective order—is rendered largely tone deaf given the Court's most recent ruling. (Doc. 62 (stating that "Integra has no avenue left to pursue its defense except to the extent it can show that its quality committee had good cause for its recommendation").) Although it is not the Court's practice to advise counsel on its litigation strategy, the Court wonders whether this motion fully encompasses Integra's arguments in support of summary judgment, or whether Integra will bring yet another motion for summary judgment once the committee's records have seen the light of day.

As for McCue, his (second) newly filed motion for partial summary judgment expressly contemplates that an additional summary judgment motion may be forthcoming once he has seen the quality committee's official recommendation. (Doc. 58 at 12 n.1.)

The Court will not continue to entertain successive motions for summary judgment. This is not the only case on the Court's docket. Exercising its discretion to manage its docket, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55

(1936), the Court will deny both pending motions without prejudice. The Court will review only one more round of summary judgment briefing. In light of the Court's recent orders, if both parties are fully satisfied that their present motions encompass everything they would like the Court to review as it considers their arguments, they may simply refile their respective motions. Otherwise, the parties shall complete discovery, agree to a joint briefing schedule, and submit their final cross motions for summary judgment. Accordingly,

IT IS ORDERED that Defendant's motion (Doc. 52) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 54) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 57) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 60) is DENIED without prejudice.

DATED this 15th day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court